UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR L. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL COUNTS et al.,<br><br>    Defendants. | No. 2:20-cv-02441-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Trevor L. Smith's ("Plaintiff") Motion for Preliminary Injunction ("PI"). (ECF No. 13.) No opposition has been filed by Defendants Paul Counts, Scott Bennett, Eric Holmlund, Jason Boyce, Ryan Hudson, John Cardot, Matthew W. Quall, Matthew W. Dardenne, Franco Zampetti, Richard Mortimer, KK Chan, Count on Us LLC, and Smiling Llama Productions LLC (collectively, "Defendants"). For the reasons set forth below, Plaintiff's motion is GRANTED.

The Court need not recount all background facts as set forth fully in the Court's December 14, 2020 Order granting Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order ("TRO"). (ECF No. 4.) On December 9, 2020, Plaintiff filed Motions to Proceed *in Forma Pauperis* and for a TRO. (ECF Nos. 2, 3.) The Court granted both motions on December 14, 2020. (ECF No. 4.)

///

Defendants were ordered to show cause in writing no later than December 28, 2020, as to why Defendants and all of their officers, agents, employees, attorneys, and all persons under their direction and control, should not be restrained and enjoined and why a preliminary injunction should not issue. (*Id.* at 15.) Defendants did not file any briefing with the Court by this deadline, and thereby eliminated the need for Plaintiff to file and serve a reply. The TRO remained in effect for 28 days. (*Id.*)

As noted in the Court's December 14, 2020 Order, Plaintiff filed a Complaint in this Court on December 9, 2020, alleging the following six claims: (1) copyright infringement; (2) contributory copyright infringement; (3) fraud; (4) breach of fiduciary duty; (5) injunctive relief to restrain Defendants from sharing, displaying, and distributing the Unbelievers motion picture ("Film"); and (6) accounting of Defendants' financial records pertaining to the Film. (*See* ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") on January 4, 2021, now the operative complaint in this case. (*See* ECF No. 10.) The FAC alleges additional claims for malicious prosecution, abuse of process, and intentional and negligent infliction of emotional distress. (*Id.*)

Before the Court now is Plaintiff's Motion for PI. (ECF No. 13.) In its December 14, 2020 Order, the Court found there were serious questions going to the merits of Plaintiff's claims, a likelihood of irreparable harm absent an injunction, the balance of equities tipped in Plaintiff's favor, and the public interest element was neutral. (*See* ECF No. 4; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).) Defendants have not filed any response to the Order to Show Cause or Plaintiff's Motion for PI. Plaintiff's Motion for PI reiterates the same arguments made in his *Ex Parte* Motion for a TRO, using the formatting of the Court's December 14, 2020 Order. (*See* ECF Nos. 3, 13.)

In addition to the same injunctive relief requested in his TRO, Plaintiff also seeks an order in the PI enjoining Defendants "from updating the public and the Unbelievers' motion picture cast and crew in any official capacity related to Unbelievers" and requiring them "to remove or disable all Unbelievers social media pages and websites under their control, including the

Unbelievers [Internet Movie Database] website." (ECF No. 13 at 2.) The Court is satisfied that this additional relief is appropriate to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camensich*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

The Court also continues to waive the discretionary bond requirement set forth in Rule 65, as it has concluded there is still no realistic likelihood of harm to Defendants from prohibiting them from releasing Plaintiff's film and Plaintiff has sufficiently demonstrated a likelihood of success on the merits of his claim. *See Governing Council of Pinoleville Indian Community v. Mendocino Cnty.*, 684 F. Supp. 1042, 1047 (N.D. Cal. 1988) (citing *People of California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325–26 (9th Cir. 1985)); *see also Jorgensen v. Cassiday*, 320 F. 3d 906, 919 (9th Cir. 2003); *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007).

TROs are governed by the same standard applicable to PIs. *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a). Therefore, in light of the Court's findings in its December 14, 2020 Order, the Court hereby GRANTS Plaintiff's unopposed Motion for PI (ECF No. 13) as follows:

Unless modified by further order of this Court, Defendants and all of their officers, agents, servants, employees, attorneys, and all persons under their direction and control, continue to be RESTRAINED AND ENJOINED from any and all attempts to edit, market, promote, broadcast, upload, sell, distribute, update the public, advertise or share, any and all content related to Plaintiff's copyrighted Unbelievers novel, screenplay, or motion picture.

///

///

Unless modified by further order of this Court, Defendants and all of their officers, agents, servants, employees, attorneys, and all persons under their direction and control, continue to be RESTRAINED AND ENJOINED from posting any and all content online or shared privately or publicly in violation of Plaintiff's Unbelievers registered copyrights.

Furthermore, Defendants and all of their officers, agents, servants, employees, attorneys, and all persons under their direction and control are hereby RESTRAINED AND ENJOINED from updating the public and the Unbelievers' motion picture cast and crew in any official capacity related to Unbelievers. Within 30 days of the entry of this Order, Defendants are ORDERED to remove or disable all Unbelievers social media pages and websites under their control, including the Unbelievers Internet Movie Database ("IMDB") website.

This PI shall remain in full force and effect pending trial, final disposition of this action, or further order of this Court, and the Court retains jurisdiction of this matter for all purposes. Any party may also petition the Court upon proper notice to amend or lift the PI.

IT IS SO ORDERED.

Dated: February 15, 2021

Troy L. Nunley
United States District Judge