UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR L. SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>PAUL COUNTS, *et al.*,<br><br>             Defendants. | Case No.  2:20-cv-2441-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND PLAINTIFF'S MOTION TO SET ASIDE DEFAULT AS TO DEFENDANT BENNETT<br><br>ECF Nos. 53, 61 |

Plaintiff has filed a motion for leave to amend the complaint along with a proposed second amended complaint. ECF No. 61. Plaintiff has also filed a motion to set aside the clerk's entry of default as to defendant Bennett. ECF No. 53. For the reasons herein, I will grant both motions.

**Motion for Leave to Amend the Complaint**

Plaintiff seeks the court's leave to amend his complaint. ECF No. 61. Leave to amend should be "freely" given. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1

Defendants have not filed an opposition to this motion and so have failed to demonstrate that they will be prejudiced by granting plaintiff leave to amend. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (holding that "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing prejudice is on the party opposing amendment).[1] There is no indication that plaintiff unduly delayed filing his motion or that it was made in bad faith.

The allegations are substantially similar to those in the operative First Amended Complaint. ECF No. 10. The most significant amendment is the addition of factual allegations against Unbelievers Movie, LLC, a corporation created in part by defendant Counts for the purpose of producing the film at issue in this action. *See* ECF No. 61 at 3. In light of the court's entry of a preliminary injunction against defendants—including other corporations involved with the production of the film—plaintiff's amendment is likely not futile. Accordingly, I will grant plaintiff's motion for leave to amend the complaint.[2]

**Motion to Set Aside Clerk's Entry of Default**

Subsequent to a request by plaintiff for entry of default as to defendant Bennett, ECF No. 34, the clerk entered default on March 17, 2021. ECF No. 36. On April 30, 2021, defendant Bennett filed an answer to plaintiff's First Amended Complaint. ECF No. 46. Thereafter, on May 6, 2021, plaintiff filed the instant motion to set aside default against defendant Bennett, explaining that, in light of defendant Bennett having filed his answer, it would benefit all parties involved to set aside the entry of default and proceed toward resolution of the case. ECF No. 53.

---

[1] Defendants have filed notices that plaintiff failed properly to serve his motion for leave to amend. ECF Nos. 63, 65, 66. This does not, however, indicate a procedural defect with plaintiff's motion. In February 2012, I granted plaintiff's motion to utilize this court's case management/electronic case filing ("CM/ECF") system. ECF No. 15. Accordingly, his motion was deemed served when he filed it with the court, and no certificate of service was required. *See* Fed. R. Civ. P. 5(b)(2)(E), (d)(1)(B). Moreover, plaintiff attests in a valid certificate of service that the motion was served by mail on the appearing defendants at their listed addresses. *See* ECF No. 61-3.

[2] Because plaintiff is proceeding *in forma pauperis*, the second amended complaint is subject to screening under 28 U.S.C. § 1915(e). I will screen the complaint separately. If the second amended complaint is found to state claims against defendants who have not previously been served, I will direct service at that time.

Although this is perhaps an atypical request, I agree with plaintiff that setting aside the entry of default would serve the efficient resolution of this case.  Although defendant Bennett has not filed his own motion to set aside default, I am also mindful of the challenges that a pro se defendant faces in responding to a lengthy and complicated complaint, as in this case.  Good cause thus appearing, I will grant plaintiff's motion and set aside the clerk's entry of default against defendant Bennett.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to amend the complaint, ECF No. 61, is granted.

2. Plaintiff's motion to set aside the clerk's entry of default against defendant Bennet, ECF No. 53, is granted.

3. The clerk is directed to remove the entry of default against defendant Bennet.  ECF No. 36.

IT IS SO ORDERED.

Dated:   March 9, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE