UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR L. SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL COUNTS, *et al.*,<br><br>            Defendants. | Case No.  2:20-cv-02441-TLN-JDP (PS)<br><br>**ORDER**<br><br>FINDINGS THAT THE SECOND AMENDED COMPLAINT STATES A COGNIZABLE CLAIM AND DIRECTING SERVICE<br><br>ECF No. 72 |

Plaintiff brings this action against fifteen defendants, alleging claims for violation of federal copyright and state laws. The second amended complaint's allegations are, for screening purposes only, sufficient to state a cognizable claim, and I will therefore direct service for those defendants not previously served.[1]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] The court previously directed service for the seven defendants named in plaintiff's original complaint. ECF Nos. 4 & 5. As the original defendants have already been served, I will only direct service for the nine defendants that were not named in the original complaint.

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21 The second amended complaint alleges that in 2012, plaintiff authored the novel
22 *Unbelievers*. ECF No. 72 at 7. The following year, he wrote a screenplay based on the novel
23 with the intention of making a film. *Id.* He claims that he is the owner of copyright registrations
24 for the novel and screenplay, and that he is the sole "Copyright Claimant for the Pre-Registration
25 of the UNBELIEVERS motion picture." *Id.* at 5.

26 After completing the screenplay, plaintiff solicited defendant Counts to assist with making
27 the film, and in 2015, filming commenced. *Id.* at 7-10. However, in 2017, defendants Counts
28 and Bennett filed a lawsuit against plaintiff in an "effort to force Plaintiff into giving up all his

legal right to" the film.[2]  *Id.* at 12, 17.  Although that suit was voluntarily dismissed, it resulted in cast members quitting the project and eventual termination of production.  *Id.*  However, in October 2018, plaintiff learned that the defendants were "unlawfully editing" the film and attempting to sell it notwithstanding plaintiff's demands to "cease and desist their unlawful actions."  *Id.* at 15, 18.  Plaintiff further alleges that defendants edited, sold, and aired a portion of the film in violation of his exclusive copyright.  *Id.* at 18-20.

For purposes of screening, I find that the second amended complaint states a claim upon which relief can be granted.

Accordingly, it is hereby ORDERED that:

1.  Service is appropriate on defendants Charles Lago, Ryan Hudson, John Cardot, Matthew Quall, Matthew Dardenne, Franco Zampetti, Richard Mortimer, KK Chan, and Unbelievers Movie, LLC.

2.  The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, nine USM-285 forms, a summons form, and an endorsed copy of plaintiff's amended complaint filed March 9, 2022.  ECF No. 72.

3.  Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a.  One completed summons;

    b.  One completed USM-285 form;

    c.  One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d.  One copy of the instant order.

---

[2] Defendant Bennet allegedly helped finance production of the film.  ECF No. 72 at 11.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   July 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4