UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREVOR L. SMITH,

          Plaintiff,

    v.

PAUL COUNTS, *et al.*,

          Defendants.

Case No. 2:20-cv-2441-TLN-JDP (PS)

ORDER TO SHOW CAUSE

On September 15, 2025, the court granted defendants Cardot, Dardenne, and Quall's motion to dismiss and dismissed all claims against these defendants with leave to amend. ECF No. 105. Plaintiff was granted twenty-eight days to file a third amended complaint. *Id*. The deadline has passed, and plaintiff has neither filed an amended complaint nor attempted to prosecute his remaining claims against the other named defendants.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

1

(dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for failure to prosecute.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute.

IT IS SO ORDERED.


Dated:     March 6, 2026      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE